IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SARATOGA ROBERTS,**

      **Plaintiff,**

**v.**                                                          **No. CIV 07-678 JB/LAM**

**NEW MEXICO BEHAVIORAL**
**HEALTH CENTER STATE HOSPITAL,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS MATTER** comes before the Court *sua sponte*. Plaintiff Saratoga Roberts responded to an initial Order to Cure Deficiency, filed July 19, 2007 (Doc. 2), by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3), but has not responded to orders entered on August 24, 2007 (Doc. 5) and September 25, 2007 (Doc. 6). In these later orders, the Court directed Roberts to file a sworn statement with the Court indicating whether she was incarcerated when she filed her complaint. The order entered on September 25, 2007 (Doc. 6), informed Roberts that the Court could dismiss her case without further notice if she failed to provide the information that the order required. To date, Roberts has not clarified her status as of the time of the filing of her complaint.

Roberts filed a civil rights complaint alleging, in part, that she was incarcerated in New Mexico at the time of filing. In her motions for leave to proceed pursuant to 28 U.S.C. § 1915, she states that she has been living in California for the last fifteen months. Roberts' did not provide a certified copy of her prison trust account statement, as § 1915(a)(2) requires. The Court, therefore,

is unable to determine whether Roberts is a prisoner for purposes of § 1915 or whether to assess the partial payment toward the filing fee in a prisoner case, as § 1915(b)(1) requires.

The Court may not, of course, dismiss a complaint "on the grounds of poverty," *Bell v. Whethel*, No. 97-6126, 1997 WL 639319 (10th Cir. Oct. 14, 1997); *see* 28 U.S.C. § 1915(b)(4), but may impose the sanction of dismissal for failure to comply with statutory requirements. "Under the PLRA, failure to comply with any of these [statutory] requirements may result in dismissal of a prisoner's action." *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997). *Cf. White v. Colorado*, 1226, 1234 (10th Cir. 1998) (upholding constitutionality of "three strikes" provisions in § 1915(g)). Furthermore, failure to comply with the Court's orders or to show cause for excusing the failure constitutes grounds for dismissing Roberts' Complaint. *See Baker v. Suthers*, No. 00-1332, 2001 WL 617549, at *3 (10th Cir. June 5, 2001). Consequently, the Court will dismiss the Roberts' Complaint without prejudice for her failure to comply with statutory requirements and the Court's orders, or to show cause for excusing the failures.

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) and this action are dismissed without prejudice.

_____
**UNITED STATES DISTRICT JUDGE**